Monell, J.
(concurring). -1 think the referee in this case assessed the damages upon insufficient proof of the market value of the cotton. Hone of the usual proof of market value was given. Indeed, no proof whatever had been given when the plaintiff closed his case. On the part of the defendants, Wright, one of their clerks, testified that he had made up a table showing the dates of arrival, and times of sales and times of shipment of cotton, which was read in evidence. Such table contained, among other items, the following : “ Four bale's shipped by Graham, September 18; shipped by Hamilton, September 26 ; received by Maitland, October 11; sold by Maitland, October 21—58 cents.” Upon this table, showing a sale on the 21st of October, by the defendants, of four bales at 58 cents, the referee, without any further or other proof of the market value, fixed such market value at 56 cents.
I am inclined to think the rule of damages adopted by the referee was correct. Upon a sale by an assignee, in violation of instructions, the owner is entitled to damages, to be ascertained from the highest market value of the commodity between the period when the instructions were disobeyed'and a reasonable time thereafter, within which to commence an action for their recovery (Scott v. Rogers, 31 N. Y. R., 676). Proof, therefore, of the sale by the defendants of four bales, on the 21st, at 58 cents, was sufficient proof of value ás related to the four bales. But the referee has deemed it sufficient proof also of the value of the forty-nine bales previously sold. It was at most proof of a single *154 sale, which has never, I believe, been regarded as sufficient proof of market value (Smith v. Griffith, 3 Hill, 333), and although it was some and probably competent evidence against the defendants, it was not by itself sufficient (Smith v. Griffith, supra). 1 do not see why this piece of evidence should be taken any more strongly against the defendants because it was furnished by themselves. It is at most an admission that they sold four bales of the plaintiff’s cotton for 58 cents. Had the same fact been proven by any other testimony, I do not think it would be claimed to be sufficient to establish market value; and to give it the effect which the reféree seems to have yielded to it, would make it operate as an estoppel upon the defendants to show that the market value was below the price they obtained for the four bales.
. I think that the evidence did not justify the referee’s finding the value of the cotton to he 56 cents, and I therefore, for that reason, concur in reversing the judgment.